Alvaro R. Calderón, Junior, Miembro de la Junta Estatal de Elecciones en representación del Partido Unión Puertorriqueña, apelante, *v.* Junta Estatal de Elecciones de Puerto Rico; Walter Busó, Superintendente General de Elecciones, Interino, apelada.

*Número:* 27    *Resuelto:* 18 de septiembre de 1972

*Alvaro R. Calderón, Jr., pro se,* miembro de la Junta Estatal de Elecciones; *Gilberto Gierbolini, Procurador General,* y *Federico Rodríguez Gelpí, Procurador General Auxiliar,* abogados de la Junta Estatal de Elecciones. El Lcdo. Luis A. Rivera Lacourt, miembro de la Junta Estatal de Elecciones en representación del Partido Independentista Puertorriqueño, estuvo presente en la vista de este recurso.

DECISIÓN DEL JUEZ PRESIDENTE INTERINO SEÑOR PÉREZ PIMENTEL.

En la sesión celebrada el día 8 de septiembre de 1972 por la Junta Estatal de Elecciones, el representante del Partido Unión Puertorriqueña ante dicha Junta solicitó "que se tomara una decisión por la Junta de que en aquellos pueblos donde se han radicado aceptación de candidaturas y el Partido cumplió con el requisito de inscripción, esos candidatos van a la papeleta, esos son candidatos del Partido Unión Puertorriqueña y la información que me ha dado el Secretario General del partido es que hay como 12 ó 14 precintos adicionales que entonces estarían incluidos con [*sic*] candidaturas del Partido Unión Puertorriqueña."

A esta solicitud se opusieron el representante del Partido Nuevo Progresista y el del Partido Independentista Puertorriqueño.

Se discutió ampliamente la cuestión y finalmente se sometió a votación la proposición del Partido Unión Puertorri-

queña, concretada a lo que aparece en la siguiente transcripción de los procedimientos habidos:

"Lic. Calderón:

Mi proposición fue en el sentido de que debe contarse las candidaturas del Partido Unión Puertorriqueña, tanto aquellas certificadas al mediodía del día 5 de septiembre como aquellas en las cuales el Partido Unión Puertorriqueña en el proceso de inscripción radicó rebidamente aceptación de candidatura de candidatos y peticiones de inscripción en esos precintos o municipios montantes al mínimo requerido por Ley.

Lic. Viera Martínez:

Pues yo voy a pedir que se fraccione la proposición para votarla por separado porque tiene dos planteamientos que a mi juicio son contradictorios con relación a lo que estamos discutiendo aquí. Yo no tengo objeción a que se lleve y se tengan como bien radicadas todas aquellas candidaturas que se hicieron después de convenciones antes de las 12 del día 5 de septiembre.

Lic. Calderón:

Para simplificar, lo que quiero es aclarar que la proposición es que en adición a esas, con las cuales yo entiendo que no hay ningún tipo de controversia, que en adición a esas se cuenten aquellas de aquellos precintos que ya le confesé al compañero que no se cuantos son—eso habría que determinarlo mediante el cómputo administrativo correspondiente—de aquellos precintos en los cuales el partido sometió aceptaciones de candidatos y peticiones de inscripción equivalentes al mínimo requerido por ley.

Lic. Viera Martínez:

Yo quisiera clarificarlo porque el compañero usa en adición a. Lo que yo entiendo es que en los sitios donde no han certificado candidaturas ahora a base de convenciones se tengan por candidatos aquellos que aparecían en las peticiones de inscripción en los municipios donde no radicaron ahora.

Lic. Calderón:

Y que si hay algún municipio o precinto donde no se haya radicado candidatura ni por petición ni mediante certificación, ahora, pues esos se quedan sin candidatos. Esa es la proposición."

Votaron a favor los representantes del Partido Unión Puertorriqueña, Partido Auténtico Soberanista y del Partido Popular Democrático. Se abstuvo de votar el representante del Partido del Pueblo y en contra votó el Partido Nuevo Progresista y el Partido Independentista Puertorriqueño. La cuestión sometida fue decidida en contra por el voto del Sr. Superintendente General de Elecciones Interino.

Limitaremos pues nuestra decisión a la cuestión tal y como fue sometida a votación.

La Sec. 20 del Título 16 de las Leyes de Puerto Rico Anotadas, define los partidos y los clasifica en partidos principales y partidos por petición. El partido principal es uno que ha concurrido a las elecciones generales inmediatamente precedente y ha conservado, por haber obtenido su candidato para Gobernador en dichas elecciones el número de votos exigidos por ley, su condición de partido principal. El partido por petición no ha concurrido a unas elecciones generales y adquiere su condición de partido por petición cuando con arreglo a la Sec. 112 del Título 16 de L.P.R.A. inscribe en la Junta Estatal de Elecciones para las elecciones inmediatamente siguientes, candidatos por petición en y para la mitad o más de los precintos electorales en toda la Isla y además, presenta en dicha Junta para dichas elecciones, peticiones para nombramiento de candidatos firmadas y juradas por un número de peticionarios no menor de un cinco por ciento del total de votos depositados para todos los candidatos para el cargo de Gobernador de Puerto Rico en las últimas elecciones generales inmediatamente precedentes, computado dicho cinco por ciento en la forma dispuesta en la propia Sec. 20.

¿Cómo se presentan las candidaturas por uno u otro partido? Esto lo estatuye la ley en sus Secs. 111 y 112 del Título 16. La 111 se ocupa de la presentación de candidaturas por medio de convenciones de los partidos. Al efecto dispone:

"Cualquier partido político principal, o cualquier partido que hubiere depositado más del 5% (cinco por ciento) del total de

votos despositados para todos los candidatos a Gobernador de Puerto Rico en las elecciones generales inmediatamente precedentes, tendrá derecho a nombrar candidatos por medio de convenciones debidamente convocadas. Dichas convenciones se celebrarán a más tardar el 28 de agosto del año en que se celebren las elecciones generales, y el presidente y el secretario de las mismas certificarán al Superintendente General de Elecciones, a más tardar a las doce del mediodía del día 2 de septiembre de dicho año, los nombres de los candidatos designados por la convención. Si cualquiera de los partidos dejare de presentar al Superintendente General de Elecciones el 2 de septiembre de dicho año, a las doce del día, o antes, el nombre de algún candidato para algún cargo, entonces el partido que así faltare, perderá el derecho a la presentación de candidatos para tal cargo o cargos."

Ante el problema planteado es crucial la interpretación que se de a la disposición transcrita, pues la Junta sostiene que la misma se aplica al partido por petición y que por ende, éste viene obligado a nombrar candidatos por medio de convenciones, o de lo contrario pierde el derecho a la presentación de candidatos para cargos.

La disparidad en la interpretación proviene de que al decir esta Sec. 111 "Cualquier partido político principal", incuestionablemente se refiere al partido político principal definido en el primer párrafo de la Sec. 20 y ya hemos visto que con arreglo a esta Sec. 20, partido principal es aquel cuyo candidato para Gobernador de Puerto Rico obtuvo en las últimas elecciones generales inmediatamente precedentes un cinco por ciento o más del total de votos depositados en dichas últimas elecciones generales inmediatamente precedente por todos los partidos para todos los candidatos a Gobernador de Puerto Rico.

Sin embargo, la Sec. 111, luego de referirse a cualquier partido principal, añade, "o cualquier partido que hubiere depositado más del 5% (cinco por ciento) del total de votos depositados para todos los candidatos a Gobernador de Puerto

Rico en las elecciones generales inmediatamente precedentes, tendrá derecho a nombrar, . . . ." Este "o cualquier otro partido. . . ." no es otra cosa que un partido principal, porque lo que hace esta Sec. 111 es repetir la definición de lo que es un partido principal con la única diferencia de una transposición sin importancia de palabras pues mientras la Sec. 20 al referirse al requisito del por ciento de votos, dice "un cinco por ciento o más", la Sec. 111 dice "más del 5% (cinco por ciento) ; que en definitiva viene a ser lo mismo.

Ahora bien, para sostener que "o cualquier otro partido que hubiere depositado más del 5% (cinco por ciento) del total de votos," etc., la Sec. 111 se refiere a un partido por petición, es forzar una interpretación que no la sostiene ni el propio lenguaje de dicha Sec. 111 ni otras disposiciones de la Ley Electoral.

Si se hubiera querido incluir en la Sec. 111 al partido por petición, bastaba con llamarlo por su nombre, como lo hizo con el partido principal o sino bastaba con definirlo con el lenguaje que se define el partido por petición en el tercer párrafo de la Sec. 20.

■ De suerte que los partidos principales deben, conforme a la Sec. 111 celebrar convenciones para nombrar candidatos para los diferentes cargos políticos y certificarlos en la forma y término provisto por la ley, al Superintendente General de Elecciones.

■ De los partidos por petición, en lo que respecta al nombramiento de candidatos, se encarga la Sec. 112 del Título 16. Luego de estatuir el procedimiento para nombrar candidatos por petición, dispone en su último párrafo lo siguiente:

"Una vez completado el número de peticiones válidas necesarias para la inscripción de un candidato en la papeleta electoral será obligación del Superintendente General de Elecciones incluir a dicho candidato en la referida papeleta electoral conforme a lo dispuesto en este Subtítulo."

No hay duda de que el candidato que figura legalmente en la petición de inscripción, una vez completado el número de peticiones válidas necesarias para su inscripción en la papeleta electoral, debe ser incluido por el Superintendente General de Elecciones en la papeleta electoral.

■ Ese es un medio que tiene el partido por petición para nombrar candidatos. Mas, no es el único. En el párrafo quinto de la Sec. 20 se consigna el derecho del partido político que ha adquirido la categoría de partido por petición a nombrar candidatos para todos los cargos que hayan de votarse en las elecciones generales inmediatamente siguientes, aun en aquellos municipios o precintos en los cuales dicho partido por petición no presentó peticiones para el nombramiento de candidatos o el número de peticiones que presentó no alcanzaba el mínimo exigido por la ley. Es obvio, por consiguiente, que en estos municipios o precintos el partido por petición, si quiere ejercitar el derecho a nombrar candidatos, deberá hacerlo por medio de convenciones.

■ El derecho que se le concede al partido por petición de nombrar candidatos para todos los cargos conlleva el de poderlos cambiar o sustituir en la forma y dentro de los términos prescritos por ley para los partidos principales. Sin embargo, este derecho a nombrar candidatos no obliga al partido por petición a nombrarlos por medio de convenciones cuando tales nombramientos han sido ya hechos por el partido en el número de peticiones válidas necesario para la inscripción del candidato en la papeleta electoral.

Es por ello que opinamos que la solicitud hecha por el Partido Unión Puertorriqueña, en la forma concreta que quedó sometida a votación, debió prosperar y al decidirse dicho planteamiento en contra por el voto del Sr. Superintendente General de Elecciones, Interino, se incurrió en error.

En su consecuencia *se anula y deja sin efecto el acuerdo apelado, y se devuelve el asunto a la Junta para que tome las providencias que procedan.*

Notifíquese a la Junta y a todos sus miembros individualmente.

(Fdo.) Pedro Pérez Pimentel
*Juez Presidente Interino*

CERTIFICO:

(Fdo.) José L. Carrasquillo
*Secretario*